AB:MWG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

DAVID LASHLEY,

               Defendant.

- - - - - - - - - - - - - - - -X

**FILED UNDER SEAL**

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF
APPLICATION FOR AN
ARREST WARRANT

(T. 18, U.S.C., § 922(g)(1))

20-MJ-118

EASTERN DISTRICT OF NEW YORK, SS:

    DEBRA LAWSON, being duly sworn, deposes and states that she is a Detective with the New York City Police Department ("NYPD"), duly appointed according to law and acting as such.

    Upon information and belief, on or about January 12, 2020, within the Eastern District of New York, the defendant DAVID LASHLEY, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Taurus .40 caliber pistol with serial number SDN50705.

    (Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and grounds for her belief are as follows:[1]

1. I am a Detective with the NYPD and have been involved in the investigation of numerous cases involving firearms offenses. I am currently assigned to the Triggerlock Unit. I am familiar with the facts and circumstances set forth below from my personal involvement in this investigation, my review of documents, records and reports, and from reports made to me by other law enforcement officers and personnel. Where I describe the statements of others, I am doing so only in sum and substance and in part.

2. On or about January 12, 2020, Officer-1, Officer-2 and Officer-3[2] of the NYPD were on patrol in plainclothes and in an unmarked car ("NYPD Car 1") in the East New York neighborhood of Brooklyn, New York. Officer-1 was driving NYPD Car 1.

3. At approximately 12:45 a.m., NYPD Car 1 was moving eastbound on Belmont Avenue, which is a one-lane, one-way street that runs west to east. NYPD Car 1 was driving directly behind another unmarked NYPD car ("NYPD Car 2") containing other NYPD officers on patrol in plain clothes. NYPD Car 1 and NYPD Car 2 were driving at a very slow speed, and NYPD Car 1 was behind NYPD Car 2.

4. As NYPD Car 1 approached 1043 Belmont Avenue, Officer-1 observed the defendant DAVID LASHLEY standing on the sidewalk of the north side of the street.

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth each and every fact I have learned during the course of this investigation.

[2] Because multiple law enforcement personnel were involved in the incident, I refer to the officers as Officer-1, Officer-2 and Officer-3 for ease of reference. The identities of each of these individuals are known to the affiant, and I have interviewed Officer-1, Officer-2 and Officer-3 about the events set forth herein.

The defendant was facing Belmont Avenue and appeared to be speaking to another individual who was facing toward the defendant and away from the street. The defendant was wearing a brightly colored, lightweight jacket.[3]

       5.       As NYPD Car 2 passed the defendant, Officer-1 observed the defendant watch NYPD Car 2 and turn his body to the left toward NYPD Car 2 as it passed him. As the defendant turned his body back to the right and away from NYPD Car 2, Officer-1 observed an L-shaped bulge on the left side of the defendant's jacket. The defendant then leaned forward toward a parked car in front of him on Belmont Avenue. As the defendant leaned forward, Officer-1 saw the bulge in the defendant's jacket move. Officer-1 then observed the defendant place his hand over the bulge – first by placing his hand on the outside of the left side of his jacket, and then by placing his hand inside the left side of his jacket. At this point, the defendant looked up and made eye contact with Officer-1, who was seated in the driver's seat of NYPD Car 1 looking at the defendant to his left. As the defendant made eye contact with Officer-1, the defendant removed his hands from his jacket, put his hands up, and stepped away from the street.

       6.       Officer-1 stopped NYPD Car 1, exited the car, and approached the defendant. Officer-1 stopped the defendant and immediately patted the outside of the defendant's jacket where Officer-1 had observed the L-shaped bulge. Officer-1 felt what he believed to be a firearm. Officer-1 then removed from the defendant's jacket a Taurus .40 caliber pistol with serial number SDN50705 (the "Firearm"), with one bullet in the chamber and eight bullets in the magazine. Officer-1 then placed the defendant under arrest.

---

      [3] January 12, 2020 was unseasonably warm. On January 12, 2020, at 12:45 a.m., the temperature in Brooklyn, New York was approximately 55 degrees Fahrenheit.

7.      Following his arrest, the defendant was advised of his <u>Miranda</u> rights. The defendant waived <u>Miranda</u> and made the following statements, in sum and substance: he had a firearm on him when he was arrested; he found the firearm near the Cypress Hills Houses and sometimes carried it with him sometimes for protection; and he carried the firearm with him on January 12, 2020 because he had a gloomy feeling that day.

8.      Based on my discussions with an interstate nexus expert from ATF, I know that the Firearm was manufactured outside the State of New York.

9.      I have also reviewed the defendant's criminal history records and have determined that, on or about September 26, 1996, in the Supreme Court of the State of New York, Kings County, the defendant was convicted of bail jumping in the first degree, in violation of New York Penal Law § 215.57, a felony punishable by a term of imprisonment of more than one year.

10.     I request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant. The defendant is currently at liberty. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and arrest warrants via the internet. Therefore, premature disclosure of the contents of this affidavit and related documents could seriously jeopardize the investigation by giving the defendant an opportunity to flee from prosecution.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant DAVID LASHLEY so that he may be dealt with according to law.

_____
DEBRA LAWSON
Detective
New York City Police Department

Sworn to before me this
5th day of February, 2020

_____
THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

5